JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER CANNER (State Bar No. 292837)
  heathercanner@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
  mattladew@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
THE KROGER CO.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUCHELLE LEYMAN, and MIGUEL HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 3:24-cv-01001-L-VET<br><br>**DEFENDANT THE KROGER CO.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declaration of Jacob M. Harper and Proposed Order filed concurrently]*<br><br>Assigned to the Hon. M. James Lorenz<br>Courtroom:  5B<br><br>Date:  November 12, 2023<br>Time: 10:30 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Action Filed:  June 7, 2024 |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 12, 2024, at 10:30 a.m., in Courtroom 5B of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, California 92101, defendant The Kroger Co. (Kroger) will and hereby does move for an order dismissing with prejudice the Complaint filed by plaintiffs Rauchelle Leyman and Miguel Hernandez, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Plaintiffs bring this action, purportedly on behalf of a California class, for violations of California's (1) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; and (3) Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et seq.* This Motion is made on the grounds that Plaintiffs fail to state a claim upon which relief can be granted for any of their claims, and the Complaint should be dismissed in its entirety with prejudice. In particular:

1. Plaintiffs' allegations fail to satisfy the reasonable consumer standard, as required for all their claims;

2. Plaintiffs' claims challenging the "In 100% Juice" statement are expressly preempted;

3. Plaintiffs fail to sufficiently allege their claim for violation of the UCL;

4. Plaintiffs fail to state their claims for equitable relief, which precludes the UCL and FAL claims in their entirety, as well as their claim for equitable relief under the CLRA; and

5. Plaintiffs fail to satisfy the particularity pleading standard under Federal Rule of Civil Procedure 9(b), as required for all their claims.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Declaration of Jacob Harper, all other

MOTION TO DISMISS COMPLAINT

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters of which this Court may take judicial notice.

Dated:  October 4, 2024                    DAVIS WRIGHT TREMAINE LLP
                                           JACOB M. HARPER
                                           HEATHER CANNER
                                           MATTHEW E. LADEW
                                           JOSEPH ELIE-MEYERS


                                           By:    /s/Jacob M. Harper
                                                        Jacob M. Harper

                                           Attorneys for Defendant
                                           THE KROGER CO.

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   FACTUAL ALLEGATIONS ............................................................................ 4

    A.   Background of Scofflaw-Contemnor Spencer Sheehan's Complaints. ................................................................................................. 4

    B.   Plaintiffs File a Complaint Challenging Private-Label Mixed Fruit. ............................................................................................................ 5

    C.   As in His Prior Dismissed Cases, Sheehan Alleges the Label Is Misleading By Reading Words Into the Label that Do Not Exist. ...... 6

III.  THE COURT SHOULD DISMISS THE COMPLAINT .......................... 7

    A.   Plaintiffs Must, But Cannot, Plead the Mixed Fruit Packaging Would Plausibly Mislead a Reasonable Consumer. ........................... 7

        1.   All Claims Must Satisfy the Reasonable Consumer Test. ......... 8

        2.   Plaintiffs Fail to Satisfy the Reasonable Consumer Test. .......... 9

            a.   Plaintiffs' Theory Improperly Requires Consumers to Read Words Into the Label that Do Not Exist. ............. 9

            b.   "Mixed Fruit In 100% Juice" Is Truthful Because the Product Contains Mixed Fruit Packed In 100% Juice. ................................................................................. 13

            c.   The Ingredient List Also Precludes Plaintiffs' Claim. ................................................................................. 14

            d.   The Packaging Contains No Material Omissions. .......... 15

    B.   Plaintiffs' Claims that "In 100% Juice" Should Include More Information Are Expressly Preempted. ............................................... 16

        1.   The FDCA Broadly Preempts State Law Claims Imposing Additional or Different Labeling Requirements. ..................... 16

        2.   FDA Regulations Authorize "Fruit Cocktails" to Omit the Type of Juice and "From Concentrate" on the Front Label. ..... 17

        3.   Plaintiffs' Claims Would Impose Different and Additional Requirements than the FDCA, and Are Preempted. ................ 18

    C.   Plaintiffs' UCL Claim Fails on Other Grounds. ................................ 20

    D.   Plaintiffs Fail to State Their Claims for Equitable Relief. ................ 22

MOTION TO DISMISS COMPLAINT

i

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
E.    Plaintiffs Fail to Allege Their Claims with Particularity, as
Required to State All Their Claims. .................................................. 23

**IV.    CONCLUSION** ............................................................................................ 25
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Cases**                                                              **Page**

*Beasley v. Conagra Brands, Inc.*,
    374 F. Supp. 3d 869 (N.D. Cal. 2019) ................................................. 23

*Beasley v. Lucky Stores, Inc.*,
    400 F. Supp. 3d 942 (N.D. Cal. 2019) ................................................. 24

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ............................................................... 8

*Bird v. First Alert, Inc.*,
    2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ..................................... 2, 9, 15, 21

*Brownell v. Starbucks Coffee Co. (Brownell I)*,
    681 F. Supp. 3d 27 (N.D.N.Y. 2023) .......................................... 4, 6, 10

*Brownell v. Starbucks Coffee Co. (Brownell II)*,
    2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023) ......................................... 2, 5, 10

*Bruton v. Gerber Products Co.*,
    961 F. Supp. 2d 1062 (N.D. Cal. 2013) .............................................. 11

*Campbell v. Ariz. Beverages USA LLC*,
    2023 WL 2764123 (N.D. Cal. Mar. 31, 2023) .................................... 13

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) ............................................................ 25

*Cheslow v. Ghirardelli Chocolate Co.*,
    445 F. Supp. 3d 8 (N.D. Cal. 2020) ...................................... 14, 15, 16

*Chuang v. Dr. Pepper Snapple Grp.*,
    2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) .................................. 13

*Dawson v. Better Booch, LLC*,
    2024 WL 535882 (S.D. Cal. Feb. 9, 2024) ................................... 14, 15

*Durant v. Big Lots, Inc.*,
    2024 WL 3321879 (M.D. Fla. July 3, 2024) ............................... 1, 2, 4, 5

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ........................................................ 8, 9, 21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                                    **Page**

*Elliott v. Conagra Brands, Inc.*,
2024 WL 3275567 (E.D. Cal. July 1, 2024) ...................................................... 22

*F.T.C. v. Inc21.com Corp.*,
745 F. Supp. 2d 975 (N.D. Cal. 2010) ........................................................ 8, 21

*Fahey v. Whole Foods Market, Inc.*,
2021 WL 2816919 (N.D. Cal. June 30, 2021) .................................................. 20

*Fields v. Walmart Inc.*,
2024 WL 1984586 (M.D. Fla. Apr. 8, 2024) ............................................. 1, 4, 5

*Figy v. Frito-Lay North America*,
67 F. Supp. 3d 1075 (N.D. Cal. 2014) .............................................................. 25

*Foskaris v. Experian Info. Sol'ns, Inc.*,
808 F. App'x 436 (9th Cir. 2020) ...................................................................... 25

*FTC v. Gill*,
265 F.3d 944 (9th Cir. 2001) ....................................................................... 8, 21

*Gates v. Upfield US Inc.*,
2024 WL 3362857 (C.D. Cal. July 9, 2024) .................................................... 15

*Gudgel v. Clorox Co.*,
514 F. Supp. 3d 1177 (N.D. Cal. 2021) ........................................................... 10

*Guzman v. Walmart Inc.*,
2023 WL 4535903 (N.D. Ill. May 15, 2023) ...................................................... 1

*Hairston v. S. Beach Beverage Co., Inc.*,
2012 WL 1893818 (C.D. Cal. May 18, 2012) .................................................. 20

*Hodsdon v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) ............................................................................ 15

*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*,
2018 WL 11354864 (C.D. Cal. 2018) .............................................................. 14

*In re Vioxx Class Cases*,
180 Cal. App. 4th 116 (2009) ........................................................................... 23

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## TABLE OF AUTHORITIES (cont'd)

2

**Cases (cont'd)**                                                   **Page**

3

4

*Jones v. Nutiva, Inc.*,
  2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ................................... 24

5

6

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................... 24

7

8

*Kim v. Blue Triton Brands*,
  2022 WL 17061085 (C.D. Cal. Nov. 1, 2022)................................... 21

9

10

*Kuenzig v. Kraft Foods, Inc.*,
  2011 WL 4031141 (M.D. Fla. Sept. 12, 2011)................................... 21

11

12

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ................................................8

13

14

*Lozano v. Walmart, Inc.*,
  2024 WL 412606 (C.D. Cal. Feb. 1, 2024) ................................. 11, 13

15

*Manchouck v. Mondeléz Int'l Inc.*,
  2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ........................................ 8, 12, 14

16

17

*Matthews v. Polar*,
  2023 WL 4534543 (N.D. Ill. Mar. 22, 2023)............................................ 2, 6, 10

18

19

*McConnon v. Kroger Co.*,
  2024 WL 3941340 (C.D. Cal. June 21, 2024) ................................. 3, 10

20

21

*McGinity v. Procter & Gamble Co.*,
  69 F.4th 1093 (9th Cir. 2023) ............................................. 3, 8, 14, 15

22

23

*McKinnis v. Gen. Mills, Inc.*,
  2007 WL 4762172 (C.D. Cal. Sept. 18, 2017) ................................. 13

24

*Moore v. Trade Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ................................................. 8, 11, 14, 15

25

26

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
  2019 WL 424703 (S.D. Cal. Feb. 4, 2019)...................................... 10

27

28

*Nacarino v. Kashi Co.*,
  77 F.4th 1201 (9th Cir. 2023) ........................................ 21

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                                **Page**

*Overton v. CVS Caremark Corp.*,
  2012 WL 10901827 (C.D. Cal. Dec. 11, 2012) ................................................. 17

*Pac. Surrogacy USA, LLC v. Bai*,
  2019 WL 8129615 (C.D. Cal. Nov. 5, 2019) .................................................... 25

*Pelayo v. Nestle USA, Inc.*,
  989 F. Supp. 2d 973 (C.D. Cal. 2013) ................................................................8

*Peviani v. Hostess Brands, Inc.*,
  750 F. Supp. 2d 1111 (C.D. Cal. 2010) ...................................................... 17, 20

*Pratt v. Whole Food Market Cal., Inc.*,
  2015 WL 5770799 (N.D. Cal. Sept. 30, 2015) ................................................. 13

*Red v. Kraft Foods, Inc.*,
  2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)............................................... 10, 12

*Red v. The Kroger Co.*,
  2010 WL 4262037 (C.D. Cal. Sept. 2, 2010) .................................................... 20

*Robinson v. Unilever U.S.*,
  2018 WL 6136139 (C.D. Cal. June 25, 2018) ................................................... 24

*Robinson v. Unilever U.S., Inc.*,
  2019 WL 8012687 (C.D. Cal. Aug. 21, 2019)................................................... 11

*Rooney v. Cumberland Packing Corp.*,
  2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)............................................... 10, 12

*Salameh v. Tarsadia Hotel*,
  726 F. 3d 1124 (9th Cir. 2013) ......................................................................... 24

*Scheibe v. Performance Enhancing Supplements, LLC*,
  2023 WL 3829694 (S.D. Cal. June 5, 2023)................................................. 22, 23

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
  983 F.Supp. 1303 (N.D. Cal. 1997)................................................................... 20

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ......................................................................... 22, 23

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                             **Page**

*Sorkin v. Kroger Co.*,
2024 WL 3673719 (N.D. Ill. Aug. 6, 2024) ....................................... 2, 6, 10, 21

*Tortilla Factory, LLC v. Health-Ade LLC*,
2018 WL 6174708 (C.D. Cal. July 13, 2018).................................................. 25

*Van Orden v. Hikari Sales U.S.A., Inc.*,
2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) .............................................. 7, 10

*Viggiano v. Hansen Nat. Corp.*,
944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................................ 17

*Vitort v. Kroger Co.*,
2023 WL 3143690 (9th Cir. Apr. 28, 2023) .................................................... 14

*Workman v. Plum Inc.*,
141 F. Supp. 3d 1032 (N.D. Cal. 2015) .......................................................... 12

*Wright v. Ocwen Loan Serv'g, LLC*,
2010 WL 11556696 (C.D. Cal. Sept. 22, 2010) .............................................. 20

**Statutes**

21 U.S.C.
§ 343-1(a)(5), (3).............................................................................. 16
§ 393(b)(2)(A)................................................................................... 16

Cal. Bus. & Prof. Code
§§ 17200 *et seq.* ..................................................................................2
§§ 17500 *et seq.* ..................................................................................2

Cal. Civ. Code § 1750 *et seq.*.........................................................................2

Federal Food, Drug, and Cosmetic Act (FDCA) .............................................. 3, 16

Federal Trade Commission Act, 15 U.S.C. § 55(a)(1) ...................................... 8, 21

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **TABLE OF AUTHORITIES (cont'd)**

**Rules**

Federal Rules of Civil Procedure
    Rule 8(a)........................................................................................... 25
    Rule 9(b)..................................................................................... 4, 25
    Rule 11(b)(2).....................................................................................4

**Regulations**

21 C.F.R.
    § 145.3(j) .......................................................................... 13, 17, 19
    § 145.135 ........................................................................... 17, 18, 19

MOTION TO DISMISS COMPLAINT

Davis Wright Tremaine LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case is the latest iteration of "notori[ous]" plaintiffs' attorney—and noted scofflaw, contemnor, and six-figure sanctions recipient—Spencer Sheehan's frivolous food label class actions.[1]  *See Guzman v. Walmart Inc.*, 2023 WL 4535903, at *1, 4 (N.D. Ill. May 15, 2023) (noting Mr. Sheehan's "warehouse of complaints … [that] haven't survived for long").

Here, he recycles claims from a prior failed suit against another defendant—*Fields v. Walmart Inc.*, 2024 WL 1984586, at *1–2 (M.D. Fla. Apr. 8, 2024) (dismissing Sheehan's Complaint based on "Mixed Fruit In 100% Juice")—to assert (this time, through proxy plaintiffs Rauchelle Leyman and Miguel Hernandez) that defendant The Kroger Co.'s private label fruit cups (Mixed Fruit) are falsely labeled because the front label states "Mixed Fruit" and "In 100% Juice."  For this set of made-up claims, Mr. Sheehan contends the Mixed Fruit label tells consumers that the product contains *only* mixed fruit in *only* 100% juice, and they therefore would not expect it to contain any other ingredients, including fruit juice from concentrate, ascorbic acid, citric acid (all fruit-derived ingredients) or even water.

As is true of many of Mr. Sheehan's frivolous claims, the label makes no such statement, and his complaint warrants dismissal.

---

[1] This is a Sheehan case even though he has elided his name from the pleadings.  As detailed below, Mr. Sheehan habitually puppeteers a complaint while omitting his name from filings, and hiding behind local counsel to avoid sanctions, a practice one federal judge has called a "fraud on the court."  *See Durant v. Big Lots, Inc.*, 2024 WL 3321879, at *7–10 (M.D. Fla. July 3, 2024) (sanctioning Sheehan for, *inter alia*, "improper maintenance of a regular practice law in Florida" by disclaiming involvement and failing to seek *pro hac vice* admission in dozens of cases).  Here, Mr. Sheehan has filed at least one near-identical case elsewhere, his staff has negotiated scheduling for this case, and his local counsel has consistently copied his office on his emails in this case.  (Harper Decl. ¶¶ 4–5, Exs. A & B).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Sheehan's *modus operandi*, as many federal courts have observed, involves filing cases "without … reasonable interpretations of the wording on the Product label to support [his] allegations." *Brownell v. Starbucks Coffee Co. (Brownell II)*, 2023 WL 9053058, at *6, 9 (N.D.N.Y. Nov. 30, 2023); *accord*, *e.g.*, *Matthews v. Polar*, 2023 WL 4534543, at *9 (N.D. Ill. Mar. 22, 2023) (dismissing Sheehan's claims; "Consumers cannot impose content that isn't there, and impute meaning that is not fairly derived from the labeling"); *Sorkin v. Kroger Co.*, 2024 WL 3673719, at *4 (N.D. Ill. Aug. 6, 2024) (dismissing Sheehan's claims as "[the label] does not say or suggest" what plaintiff alleges it represents).

Mr. Sheehan has been reported to state bars, referred to grievance committees, held in contempt, and received six-figure sanction penalties for bringing such "frivolous" claims. *E.g.*, *Brownell II*, 2023 WL 9053058, at *9; *Durant*, 2024 WL 3321879, at *7–10; *Durant v. Big Lots, Inc.*, No. 23-cv-561-GAP-PRL, Dkt. 52 at 22 (M.D. Fla. September 25, 2024).

This case—brought behind the names of Ms. Leyman and Mr. Hernandez, and their local lawyer Mr. Muecke—amounts to "merely another example of "the frivolity Sheehan and his enablers inflict upon the judiciary and his defendants." *Durant v. Big Lots, Inc.*, 2024 WL 3321879, at *5 (M.D. Fla. July 3, 2024). Sheehan proceeds on a similar, baseless theory here.

Plaintiffs' three claims[2] should be dismissed with prejudice.

*First*, Mr. Sheehan (through his plaintiff proxies) fails to plead plausibly that the "Mixed Fruit" "In 100% Juice" statement would mislead a significant portion of reasonable consumers to believe it does not contain any other ingredients, as required to state his three claims. Mr. Sheehan conjures words onto the label that

---

[2] Mr. Sheehan's proxies assert claims for violations of (1) California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and (3) California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

simply are not there—that the Mixed Fruit is "[*Only*] Mixed Fruit" "In [*Only*] 100% Juice." But "only" appears nowhere, and his Plaintiffs cannot base their claims on such non-existent statements. *See McConnon v. Kroger Co.*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024) (dismissing plaintiffs' claim that the front-label statement "Avocado Oil" on a bottle of avocado oil "conveys" that it is "pure avocado oil" because the term "pure" "is nowhere to be found on the bottle"). And Mr. Sheehan *admits* the ingredients about which Plaintiffs complain *are juice and fruit-derived ingredients* (though he obtusely mentions synthetic ingredients without actually alleging these products contain them). In any case, courts in the Ninth Circuit recognize that where the front label is ambiguous or silent as to ingredients, reasonable consumers would review the back-label ingredients list to resolve any uncertainty. Here, the ingredient list discloses the presence of the very ingredients with which Plaintiffs take issue. This too is fatal to their claims. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097–99 (9th Cir. 2023) (affirming dismissal of CLRA, UCL, and FAL claims where alleged misleading statement was clarified by ingredients disclosure).

*Second*, Plaintiffs' claims that purport to require the "In 100% Juice" to disclose any further ingredient details are preempted. The federal regulations Plaintiffs contend apply here expressly authorize the Mixed Fruit front label to state it is "In 100% Juice," without disclosing the presence of "water," the specific type of fruit juice, or "from concentrate." The Federal Food, Drug, and Cosmetic Act (FDCA) expressly preempts claims that would require the label to disclose this additional information, including Plaintiffs' claims here.

*Third*, Plaintiffs' claims fail for a host of other reasons: they fail (a) to sufficiently allege any underlying violation of law as required to state their UCL claim; (b) to adequately allege their claim for equitable relief, which warrants dismissal of their UCL and FAL claim, as well as their claim for equitable relief

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  under the CLRA; and (c) to plead their claims with particularity under Federal Rule
2  of Civil Procedure 9(b)—which applies to all their claims.

3      This action should be dismissed with prejudice.

4  **II.    FACTUAL ALLEGATIONS**

5  **A.    Background of Scofflaw-Contemnor Spencer Sheehan's Complaints.**

6      While the docket and Complaint lists only Manfred P. Muecke as Plaintiffs'
7  counsel in this action, he is just local counsel for notorious Plaintiffs' counsel
8  Spencer Sheehan, who has garnered "a reputation for filing [over 500] labeling and
9  consumer lawsuits 'seemingly covering just about every aisle in the grocery store,
10  without much success[.]."[3]  *Durant v. Big Lots (Durant I)*, 2024 WL 1826473, at *1
11  & n.2 (M.D. Fla. July 3, 2024); *accord Brownell v. Starbucks Coffee Co. (Brownell*
12  *I)*, 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023) ("[Despite knowing his mislabeling
13  class action claims] do not meet the pleading requirements … , [he] continues to file
14  these frivolous actions in violation of Rule 11(b)(2).").  As a result, he has faced a
15  "chorus of courts around this nation warning Sheehan to abide by the standards and
16  rules governing this profession."  *Durant II*, 2024 WL 3321879, at *7.

17      In the past year, Mr. Sheehan has been sanctioned by two federal courts (in
18  November 2023 and July 2024) for (i) filing "frivolous" mislabeling claims in "bad
19  faith" based on unreasonable interpretations of food labels; (ii) fabricating testing
20  results to support his claims; and (iii) committing a "fraud on the court" by
21  engaging in a similar tactic as here: puppeteering a case while omitting his name
22  from the pleadings, which he does to avoid exposing himself to sanctions.

23

24

---

25      [3] Mr. Muecke has consistently copied Mr. Sheehan's office on emails with
26  Kroger's counsel, and the claims are also similar to a previous Sheehan Complaint
   filed in *Fields*, 2024 WL 1984586.  Sheehan has a pattern of working with local
27  counsel to file cases in jurisdictions where he is not barred, and improperly omitting
   his name from filings.  *See Durant v. Big Lots (Durant II)*, 2024 WL 3321879, at
28  *7–0 (M.D. Fla. July 3, 2024).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- In *Brownell II*, the court *sua sponte* initiated sanctions proceedings and held Sheehan in contempt for "fil[ing] Plaintiff's complaint without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within." 2023 WL 9053058, at *9.

- In *Durant II*, the Court held the lawsuit was "frivolous," filed in "bad faith," and Sheehan committed "fraud on the court." The Court explained, "[o]ne thing is clear []: Sheehan has engaged in a concerted effort to defraud this court, and likely many, many others." 2024 WL 3321879, at *5–10 & n.19. The Court also ordered monetary sanctions: "Absent a financial cost for their intransigence, Plaintiff's counsel – and the plaintiffs they recruit – will continue filing frivolous lawsuits around the nation with impunity." *Id.* at *7.

This action is yet another of Mr. Sheehan's baseless actions. The claims here are recycled from a Complaint he previously filed against another defendant in the Middle District of Florida—which claims were dismissed earlier this year. *Fields*, 2024 WL 1984586 at *1-2 (granting motion to dismiss claims that "Mixed Fruit in 100% Juice" was misleading). As courts have recognized in other actions, and as explained below, Mr. Sheehan here too makes "meritless claims … based on an unreasonable interpretation of a food label and without providing any support for Plaintiff's allegations." *Brownell II*, 2023 WL 9053058, at *9.

**B.    Plaintiffs File a Complaint Challenging Private-Label Mixed Fruit.**

The Complaint here is on behalf of Plaintiffs Rauchelle Leyman and Miguel Hernandez and challenges Kroger's private-label Mixed Fruit. (Dkt. 1.)

As background, Kroger operates grocery stores throughout California and across the country. (Compl. ¶¶ 122–23.) In its grocery stores, Kroger sells third-party products, as well as its own products under private-label brand names. (*Id.* ¶¶ 124–26.) One such private-label product is Kroger's "Mixed Fruit" cups. (*Id.* ¶¶ 19–20.) Plaintiffs allege they purchased an unspecified number of Mixed Fruit packages sometime "between May 2020 and May 2024" at an unidentified store

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that is either "Ralphs, Foodsco, and/or Food4less" somewhere in the State of California.  (Compl. ¶ 141.)

The front label of the Mixed Fruit states that it is "in 100% Juice."  (*Id*. ¶ 19.) The bottom of the label contains the nutrition facts panel and ingredient list, which clearly discloses the product ingredients: "PEACHES, WATER, PEARS, WHITE GRAPE JUICE CONCENTRATE, PINEAPPLE, LEMON JUICE CONCENTRATE, ASCORBIC ACID (VITAMIN C) TO PROTECT COLOR, CITRIC ACID."  (*Id.* ¶ 20.)

The Mixed Fruit comes with four servings, each of which is contained in an individual sealed, transparent cup.  (*Id.* ¶¶ 19–20.)  In other words, consumers can see precisely how much fruit and liquid is in each cup.  (*Id.*)

### C.    As in His Prior Dismissed Cases, Sheehan Alleges the Label Is Misleading By Reading Words Into the Label that Do Not Exist.

In the Complaint, Plaintiffs allege they "understood 'Mixed Fruit In 100% Juice'" on the label to mean the Mixed Fruit product would contain *only* "Mixed Fruit" and *only* "100% Juice" and no other ingredients, i.e., that the product would not contain the ingredients listed on the back label: water, juice concentrate, ascorbic acid, or citric acid.  (*See id.* ¶¶ 22–23.)  Plaintiffs claim they "paid more for the Product than they would have" if not for this alleged misrepresentation.  (*Id.* ¶ 145.)

In asserting these claims, Sheehan relies on the same tactics that courts have repeatedly rejected in his prior cases: "impos[ing] content [in the label] that isn't there, and imput[ing] meaning that is not fairly derived from the label."  *Matthews*, 2023 WL 4534543, at *9 (dismissing Sheehan's claims); *Sorkin,* 2024 WL 3673719, at *4 (dismissing Sheehan claims as "[the label] does not say or suggest" what plaintiff alleges it represents); *Brownell I*, 681 F. Supp. 3d at 38 (holding reasonable consumers would not read front-label statement "100% Arabica Coffee" to convey—as Sheehan contended—that it contained only ground coffee and no

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

additives); *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *4–6 (N.D.N.Y. Aug. 18, 2023) (dismissing Sheehan claim that "assume[d] things about the products other than what the statement actually said" and discussing other Sheehan cases that held the same).

Based on these allegations, Plaintiffs bring three causes of action on behalf of a putative California class: (1) violation of the "unlawful" prong of the UCL for violations of federal statutes and regulations, and their California counterparts (Compl. ¶¶ 161–89); (2) violation of the FAL (*id.* ¶¶ 190–95); (3) violation of the CLRA (*id.* ¶¶ 196–200). Plaintiffs seek declaratory and injunctive relief; restitution and disgorgement; compensatory damages; and attorneys' fees and costs. (*Id.* at Prayer for Relief.)

Kroger now moves to dismiss all three claims with prejudice.

## III.    THE COURT SHOULD DISMISS THE COMPLAINT.

Like Mr. Sheehan's similar claims, these should be dismissed with prejudice, because: (A) Plaintiffs' allegations fail to satisfy the reasonable consumer standard, as required to state all three of their claims. (B) Plaintiffs' claims that the "In 100% Juice" statement should include more information are expressly preempted by federal law, and subject to dismissal on this additional basis. (C) Plaintiffs failed to allege a violation of the UCL. (D) Plaintiffs have not and cannot allege that they have an inadequate legal remedy, precluding their claims under the UCL and FAL, as well as their claim for equitable relief under the CLRA. (E) Plaintiffs fail to allege all three of their claims with particularity as required under Rule 9(b).

### A.    Plaintiffs Must, But Cannot, Plead the Mixed Fruit Packaging Would Plausibly Mislead a Reasonable Consumer.

Plaintiffs' claims fail because they do not (and cannot) adequately allege the label is false or misleading to reasonable consumers.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 1.   All Claims Must Satisfy the Reasonable Consumer Test.

Claims under "California consumer protection statutes are governed by the 'reasonable consumer' test," which requires plaintiff to plead plausibly "that members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quotations omitted).[4]

"This is not a negligible burden." *Moore v. Trade Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). A plaintiff must plead "more than a mere possibility that [the] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of reasonable consumers, acting reasonably in the circumstances, could be misled." *Id.* (quoting *Lavie*, 105 Cal. App. 4th at 508). "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases from all California district courts); *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228–31 (9th Cir. 2019) (affirming dismissal of mislabeling claims for failing to allege reasonable consumers would be deceived); *McGinity*, 69 F.4th at 1097–99 (same). In doing so, the Court "must determine, relying on its judicial experience and common sense, whether [the] allegations" are sufficient. *Manchouck v. Mondeléz Int'l Inc.*, 2013 WL 5400285,

---

[4] Here, the reasonable consumer standard also governs Plaintiffs' claims for violations of the "unlawful" prong of the UCL. (Compl. ¶¶ 161–89.) That is because the "unlawful" element of this claim turns on violations of the FAL, CLRA, and Federal Trade Commission Act, 15 U.S.C. § 55(a)(1), all of which are governed by the reasonable consumer standard. *See F.T.C. v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1003 (N.D. Cal. 2010), *aff'd*, 475 Fed. Appx. 106 (9th Cir. 2012) ("[L]iability for deceptive practices under Section 5 of the FTC Act is measured solely by whether a reasonable consumer was likely to have been misled."); *FTC v. Gill*, 265 F.3d 944, 950 (9th Cir. 2001) (same).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

at *2 (N.D. Cal. Sept. 26, 2013), *aff'd*, 603 F. App'x 632 (9th Cir. 2015) (quotations omitted).

Plaintiffs fail to satisfy this standard.

### 2.      Plaintiffs Fail to Satisfy the Reasonable Consumer Test.

Plaintiffs claim that the simple front-label statements "Mixed Fruit" and "In 100% Juice" somehow represent to consumers that the product contains *only* those two ingredients, and does not contain the other disclosed ingredients: juice from concentrate, water, or the fruit derivatives citric acid and ascorbic acid.  (Compl. ¶ 20.)  Plaintiffs fail to allege plausibly that the label would mislead reasonable consumer because (a) their interpretation requires writing words into the label that simple are not there—a tactic courts have consistently rejected; (b) the label is entirely truthful even under Plaintiffs' reading; (c) reasonable consumers would review the ingredient disclosure, which cures any alleged mistaken belief about the ingredients.  Further, (d) to the extent Plaintiffs attempt to frame their claims under an omission theory, they likewise fail because the ingredients disclosure precludes such a claim.

### a.      Plaintiffs' Theory Improperly Requires Consumers to Read Words Into the Label that Do Not Exist.

***First,*** Plaintiffs attempt to manufacture falsity by taking the simple statement "Mixed Fruit In 100% Juice" and stretching it to somehow convey that the package contains *only* fruit and juice and that such fruit and juice are *fresh* (even though they are shelf-stable, pre-cut, and sold in unrefrigerated plastic cups).  But these interpretations are implausible.  Nothing on the package says the Product contains *only* "Mixed Fruit in 100% Juice," and reasonable consumers would not interpret this simple phrase as carrying the many meanings that Plaintiffs attach to it.

Bringing claims based on language that doesn't appear on product labels is all in a day's work for Sheehan, but courts regularly dismiss these claims under the reasonable consumer standard, and this Court should do the same. *See supra at* 2-4,

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6-7 *citing Brownell I*, 2023 WL 9053058, at 42; *Matthews*, 2023 WL 4534543, at *9; *Sorkin*, 2024 WL 3673719, at *5; *Van Orden*, 2023 WL 5336813, at *4–6. Ninth Circuit courts likewise regularly dismiss mislabeling claims as not deceptive where plaintiffs attempt to read representations into the label that do not exist.  *See Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021) (dismissing claims where alleged misrepresentation "does not appear on the product's label" and thus "cannot be used as the basis to state a claim under the reasonable consumer test"); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing claim that "sugar in the raw" leads reasonable consumers to believe it was unprocessed or unrefined because "[n]owhere on the box do the words 'unprocessed' or 'unrefined' appear."); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *4 (S.D. Cal. Feb. 4, 2019) (rejecting plaintiff's interpretation that "Milk From Grass-Fed Cows" is the same as stating that the cows are 100 percent grass-fed); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (dismissing mislabeling "claim … [that] assumes things about the products *other than* what the statement actually says").

For example, in *McConnon v. Kroger Co.*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024), the court rejected the plaintiff's claim that the front-label statement "Avocado Oil" on a bottle of avocado oil "conveys" that it is "pure" avocado oil, and thus represented that it did not contain any other oils, because the term "pure" "is nowhere to be found on the bottle."  Plaintiffs attempt to employ the same tactic here—write non-existent statements into the label, to conjure misrepresentations the Mixed Fruit never made.  Their claims fail.

Further, courts recognize that front-label statements describing some of a products ingredients do not constitute representations that the product contains *no* other ingredients.  Indeed, courts have expressly rejected plaintiffs' attempts to interpret similar phrases like "Made With 100% Natural Fruit" or "Made with 100% Natural Exfoliants" as representations that they *only* contain such ingredients as a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

matter of law—rather, reasonable consumers understand such phrases only provide an non-exhaustive list of a "subset" of ingredients. *See Robinson v. Unilever U.S., Inc.*, 2019 WL 8012687, at *2 (C.D. Cal. Aug. 21, 2019) (granting motion to dismiss; non-exhaustive words like "including," "containing" and "Made with" refer "to only a subset of the ingredients of the product"); *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1098 (N.D. Cal. 2013), *rev'd and remanded on other grounds,* 703 Fed. Appx. 468 (9th Cir. 2017) (phrases such as "Made with 100% Natural *Fruit*" do not plausibly "impl[y] that the *entire* product – which contains ingredients other than fruit – is free of synthetic ingredients or ingredients not normally expected to be in food."). And in *Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021), the Ninth Circuit held that the label statement "100% New Zealand Manuka Honey" would not lead a reasonable customer to falsely believe that the product contained solely honey that was 100% derived from the Manuka flower. *Id.* 4 F.4th at 882.

Common sense also precludes Plaintiffs' reading of the label. Consumers know that chopped fruit generally must be refrigerated to maintain freshness; the fact that the Mixed Fruit is shelf-stable suggests to reasonable consumers that the Product may contain ingredients beyond just fruit and fruit juice, including preservatives or synthetic ingredients to protect color or longevity. *See Lozano v. Walmart, Inc.*, 2024 WL 412606, at *11 (C.D. Cal. Feb. 1, 2024) (reasonable consumer would not find that a product that was "pre-packaged, shelf-stable" and did "not require refrigeration" contained "*only* natural flavors" despite presence of "naturally flavored" label on disputed products); *see also Moore*, 4 F.4th at 882 ("A reasonable consumer would not understand [the] label here as promising something that is impossible to find."). Plaintiffs' interpretation of the label as making statements that defy common sense fails to satisfy the reasonable consumer standard.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs also allege that the images of "freshly picked" fruit and a "wooden table" on the packaging are "evocative of . . . 100 percent fruit juice components." (Compl. ¶¶ 71, 76, and *passim*.)  Again they read too much into the label.  The fruit pictured on the packaging conveys nothing about when it was picked, much less the contents of the packing liquid in the Product.[5]  And courts have consistently held that displaying a fruit or other ingredient on the front of the label does not imply that the product contains *only* that ingredient.  *See Manchouck*, 2013 WL 5400285, at *3 (label not deceptive when the product did contain the fruits depicted and described on the front of the packaging, in addition to other ingredients); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient.  Every reasonable shopper knows that the devil is in the details.").

Plaintiffs' attempt to equate "Mixed Fruit In 100% Juice" to a statement that the product contains "only mixed fruit and 100% juice," or "no additives," "no preservatives," or that the product is "just fruit" or "only fruit," fails.  Compl. ¶¶ 19, 71, 76 (describing images of fruit on label as "evocative of fresh and natural fruit" and construing phrase "100% Juice" to mean "only fruit juice" without other ingredients).  The Mixed Fruit label contains none of these statements.  Because reasonable consumers would not read such non-existent statements into the label, Plaintiffs' claims fail under the reasonable consumer test.  *See Rooney*, 2012 WL 1512106, at *4 (label would not mislead reasonable consumers to believe ingredients were "unprocessed" where that word did not "appear" "on the box"); *Red*, 2012 WL 5503011, at *3 (reasonable consumers would not be misled that

---

[5] Plaintiffs' claim that the packaging includes a picture of cut up fruits "in what appears to be '100% juice'" (Compl. ¶¶ 71, 76) is similarly nonsensical.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

product was "healthy" or contained a "significant amount" of an ingredient where label made no such statements).

> **b.** **"Mixed Fruit In 100% Juice" Is Truthful Because the Product Contains Mixed Fruit Packed In 100% Juice.**

*Second,* the pleadings and the law make clear that the label statement that the Mixed Fruit is packed "In 100% Juice" is truthful and thus non-actionable.

Courts regularly hold that consumers understand the word "juice" on labels to include "juice from concentrate." *E.g.*, *Chuang v. Dr. Pepper Snapple Grp.*, 2017 WL 4286577, at *1, 4 (C.D. Cal. Sept. 20, 2017) (statements that product was "made with real fruit and vegetable juice" "are not false, as the products …are made with fruit and vegetable juice" "from concentrate"); *McKinnis v. Gen. Mills, Inc.*, 2007 WL 4762172, at *4 (C.D. Cal. Sept. 18, 2017) ("The words 'Natural Fruit Flavors,' 'Flavored with Real Fruit Juice,' and 'Fruity …' are all truthful disclosures that Fruity Cheerios is flavored with orange juice concentrate"); *see also Campbell v. Ariz. Beverages USA LLC*, 2023 WL 2764123, at *6 (N.D. Cal. Mar. 31, 2023) (holding statement that food is "made with real fruit" is true because "the products are made with real fruit – pear juice from concentrate"); *Pratt v. Whole Food Market Cal., Inc.*, 2015 WL 5770799, at *7 (N.D. Cal. Sept. 30, 2015) (holding label is not plausibly misleading; "'juice' … is a word used to describe [the] popular and widely recognized [ingredient] … 'fruit juice concentrate.'"). The FDA likewise recognizes that the term "juice" includes "juice from concentrate." 21 C.F.R. § 145.3(j) ("juice" includes juice that is "made from concentrate").

Thus, reasonable consumers would understand that cut fruit "In 100% juice" could mean juice from concentrate, which includes any other ingredients used to reconstitute such juice (like water) or to ensure the longevity and integrity of the shelf-stable form of such juice (as plaintiffs allege for the ascorbic and citric acids). *See Lozano*, 2024 WL 412606, at *11 (reasonable consumer would not find that a product that was "pre-packaged, shelf-stable" and did "not require refrigeration"

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

contained "*only* natural flavors" despite presence of "naturally flavored" label on disputed products); *see also Vitort v. Kroger Co.*, 2023 WL 3143690 (9th Cir. Apr. 28, 2023) ("reasonable consumers" are charged with "understanding the general characteristics of the products they purchase") (citing *Moore*, 4 F.4th at 883–85).

Thus, as alleged, and based on "common sense," *Manchouck*, 2013 WL 5400285, at *2, the label statements are "truthful" and not deceptive. Plaintiffs' claims fail for this reason alone.

### c.    The Ingredient List Also Precludes Plaintiffs' Claim.

*Third*, even if Plaintiffs had sufficiently alleged any consumer confusion regarding the meaning of the "In 100% Juice" statement, every ingredient Plaintiffs claim was deceptively omitted from the front label is accurately listed on the ingredients list, which precludes their claims.

Courts hold that where a label is allegedly ambiguous, reasonable consumers would review the ingredient list to resolve any ambiguity; "they may not ignore the ingredient list" to bring a mislabeling claim. *See Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020). Thus, to the extent Plaintiffs have plausibly pleaded any ambiguity, "the Court must consider both the front and back labels in determining whether a reasonable consumer would be deceived by the packaging," including the ingredient disclosure. *Dawson v. Better Booch, LLC*, -- F. Supp. 3d --, 2024 WL 535882, at *4 (S.D. Cal. Feb. 9, 2024); *McGinity*, 69 F.4th at 1099 (when "a front label is ambiguous, the ambiguity can be resolved by reference to the back label," including the ingredient disclosure).

Plaintiffs' claims rests on allegations that they were misled to believe the product did not contain the very ingredients disclosed in the ingredient disclosure— juice from concentrate, water, ascorbic acid, and citric acid. (*E.g.*, Compl. ¶¶ 21– 22.) But "[c]ourts have routinely denied consumer product claims where, as here, a product's label clearly dispels whatever misrepresentation allegedly exists." *In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2018 WL 11354864, at *5 (C.D. Cal.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2018) (citing cases granting motion to dismiss on this basis); *e.g.*, *Gates v. Upfield US Inc.*, 2024 WL 3362857, at *3 (C.D. Cal. July 9, 2024) (front label statement that product made "with avocado oil" was "ambiguous with regard to the amount of avocado oil it contains"; ingredient disclosure resolved ambiguity, precluding claim); *McGinity*, 60 F.4th at 1099 (affirming dismissal on this basis); *Dawson*, 2024 WL 535882, at *4 (granting motion to dismiss on this basis). Thus, even if Plaintiffs plausibly alleged that there was "some ambiguity as to what ["In 100% Juice"] means," the ingredients list allowed Plaintiffs to "easily resolve the alleged ambiguity." *Moore*, 4 F.4th at 882. Plaintiffs' claims therefore fail as a matter of law on this additional basis.

### d.    The Packaging Contains No Material Omissions.

**Fourth,** to the extent Plaintiffs purport to frame their claim as an "omission" of ingredients not disclosed on the front label, their claims likewise fail, because all ingredients appear on the back label. (*See* Compl. ¶¶ 21–23.)

For an omission to be actionable under California consumer protection law, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). Where the product label discloses the allegedly omitted information—including, as here, in the ingredient list—a fraudulent-omission claim cannot proceed. *See, e.g.*, *Cheslow*, 472 F. Supp. 3d at 695 (dismissing CLRA, FAL, and UCL claims with prejudice based on "both the lack of an affirmative deceptive statement and the presence of an ingredient list to dispel any doubt as to the contents of the product."); *Bird v. First Alert, Inc.*, 2014 WL 7248734, at *6–7 (N.D. Cal. Dec. 19, 2014) (dismissing fraud-by-omission claim where defendant's packaging disclosed product information at issue).

Here, Plaintiffs fail to allege any affirmative representation, or why a consumer could not read the ingredients disclosure. Their claims are therefore based on omission, and fail because the ingredients list fully discloses the allegedly

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

omitted ingredients.  Absent some affirmative misrepresentation or deceptive act, "[p]laintiffs and the general consuming public are not free to ignore the ingredient list" that discloses supposedly omitted information.  *Cheslow*, 445 F. Supp. 3d at 20.  In sum, Plaintiffs' allegations do not and cannot satisfy the reasonable consumer test, which is fatal to all her claims.

### B.    Plaintiffs' Claims that "In 100% Juice" Should Include More Information Are Expressly Preempted.

In addition to failing under the reasonable consumer standard (*supra* at 9-16) Plaintiffs' claims that "In 100% Juice" should include additional information are also expressly preempted.  Plaintiffs allege that "In 100% Juice" is misleading because the product contains "water" and "juice from concentrate," and the statement should therefore include that additional information.  (Compl. ¶¶ 90–91, 93–94, 97–98.)  But the FDCA and its implementing regulations Plaintiffs rely upon do not require the statement to include—and authorize the omission of—that information on the front label, so Plaintiffs' claim is expressly preempted by the FDCA.  (To the extent Plaintiffs contend the front label should separately disclose any other information, e.g., the presence of ascorbic or citric acid, as explained *supra* at 9-12, those omission claims are inactionable in light of the ingredient disclosure.)

#### 1.    The FDCA Broadly Preempts State Law Claims Imposing Additional or Different Labeling Requirements.

The Food and Drug Administration (FDA) comprehensively regulates food packaging under the Federal Food, Drug, and Cosmetic Act (FDCA) and its implementing regulations.  The FDCA grants the FDA authority to ensure that "foods are … properly labeled" nationwide, on behalf of consumers.  21 U.S.C. § 393(b)(2)(A).  To that end, the FDCA contains an express preemption provision that preempts any state law labeling "requirement that is not identical to" the FDCA and FDA regulations.  21 U.S.C. § 343-1(a)(5), (3).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Thus, where a consumer brings state law claims challenging a label statement or omission already permitted by the FDCA or FDA regulations, the claim is preempted and should be dismissed. *E.g.*, *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 890 (C.D. Cal. 2013) ("[A]ny state law requiring [defendant] to use additional or different labeling [than FDA regulations] would not be identical to FDA regulations and would be preempted[.]"); *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1119 (C.D. Cal. 2010) (dismissing UCL, FAL, and CLRA claims as preempted); *Overton v. CVS Caremark Corp.*, 2012 WL 10901827, at *8 (C.D. Cal. Dec. 11, 2012) (granting motion to dismiss where plaintiff's claim would have "disallow[ed] … a product to be labeled" in accord with federal law).

## 2. FDA Regulations Authorize "Fruit Cocktails" to Omit the Type of Juice and "From Concentrate" on the Front Label.

Plaintiffs allege the Mixed Fruit "is subject to the 'Canned Fruit cocktail,' standard of identity" in 21 C.F.R. § 145.135 and thus "its labeling is required to conform to this standard." (Compl. ¶ 85.)

In the regulation Plaintiffs rely upon—21 C.F.R. § 145.135—the FDA comprehensively regulates the packaging for "Canned Fruit cocktail" products, including how manufacturers must disclose the presence of juice from concentrate to consumers on the label.

To start, the FDA expressly authorizes manufacturers to pack the fruit in certain liquids, i.e., "packing media": "(a) Water. (b) Fruit juice(s) and water. [and] (c) Fruit juice(s)." 21 C.F.R. § 145.135(a)(3)(i). The FDA's reference to "fruit juice(s)" includes not only fresh juice, but also juice "made from concentrate(s)." *Id.* § 145.3(j); *see also id.* § 145.135(a)(4)(ii) (discussing labeling for fruit cocktail products with juice "from concentrate").

On the fruit cocktail label, a seller must disclose the type of "packing media" by stating in or near the name that it is "In" or "Packed In" that type of media (i.e., "juice"). 21 C.F.R. § 145.135(a)(4)(ii). When, as here, "fruit juice(s)" is the

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  "packing media," a seller must disclose the use of fruit juice "concentrate" in one of

2  two authorized ways. *Id.* § 145.135(a)(4)(ii)–(iii).  Which option applies depends

3  on whether the seller chooses to include the specific type of fruit juice in the

4  packing media disclosure—i.e., "In pear juice" versus "In juice."  *See id.*  If the

5  seller includes the "name" of the fruit next to "juice," and that juice is from

6  concentrate, then "from concentrate" "shall follow the word" "juice(s)" in the

7  packing media disclosure (e.g., "In pear juice from concentrate"); the name of such

8  juice is also declared as "from concentrate in the ingredient disclosure." *Id.* §

9  145.135(a)(4)(ii)(a)–(c).

10  On the other hand, where (as here), the "name of the fruit juices do not

11  appear in the" "packing medium" statement (e.g., "In Juice") on the front label, then

12  "such names and the words 'from concentrate,'…shall appear in an ingredient

13  statement." *Id.* §145.135(a)(4)(iii).  In other words, where the product discloses the

14  fruit is in "juice" without specifying the specific fruit type, it need not disclose

15  "from concentrate" next to the front-label "in juice" statement; rather, the ingredient

16  disclosure of the juice from concentrate on the back label is sufficient.  *Id.*

### 3. Plaintiffs' Claims Would Impose Different and Additional Requirements than the FDCA, and Are Preempted.

19  Plaintiffs' allegations make clear that Kroger's label statement "In 100%

20  Juice" complies with these FDA regulations, and is therefore authorized, without

21  any addition to that statement.  Plaintiffs' claims—that the front label should

22  instead say "In Water, White Grape Juice From Concentrate and Lemon Juice From

23  Concentrate" (Compl. ¶ 90)—would create *different and additional requirements*

24  than the FDA regulations, and are therefore preempted.

25  As an initial matter, Plaintiffs mistakenly assert the packing media here is

26  "fruit juice(s) and water," and not "fruit juice."  (Compl. ¶¶ 90, 93–94, 98.)  On that

27  basis, they contend the label should state it is "In Water and Juice."  (*Id.* ¶ 90

28  ("Since the liquid portion of the packing media … consists of 'Water' and 'Fruit

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

juice(s),' this must be disclosed truthfully as part of the Product's name." (citing 21 C.F.R. § 145.134(a)(3)(i)); *accord id.* ¶¶ 93–94, 98.)  But the FDA regulations make clear that "water used in preparing … juice(s) from concentrates," as Plaintiffs allege the Product contains here, "shall *not be considered to be a mixture of fruit juice and water*."  21 C.F.R. § 145.3(j) (emphasis added).  Rather, the "fruit juice(s)" packing medium includes "juice(s) … made from concentrate(s)," which the FDA acknowledges is "reconstituted from water."  21 C.F.R. § 145.3(j).  Thus, the Mixed Fruit is *not* required to disclose "water" as a packing medium, and Plaintiffs' claim to that effect—which would thus impose a requirement *different* than the FDA—is preempted.

Next, Plaintiffs contend that Kroger's label should have disclosed the name of the juice in its packing media statement, such as "In …White Grapefruit Juice … [and] Lemon Juice."  (Compl. ¶ 98.)  But FDA regulations expressly authorize manufacturers to omit the specific fruit from the packing media disclosure, so long as it is disclosed as an ingredient.  21 C.F.R. § 145.135(a)(4)(ii)(b), (iii).  The Mixed Fruit label complies, as it discloses the specific fruit juices in the ingredients disclosure.  Again, Plaintiffs' claim would impose an additional labeling requirement than the FDA, and is preempted.

Last, Plaintiffs' claims seek to require the Mixed Fruit to state that its juice is "from concentrate."  (Compl. ¶ 91.)  But as detailed above, the FDA regulation Plaintiffs rely upon only require such front-label disclosure where the "In Juice" statement specifies the type of fruit juice.  *Supra* at 16–18.  As the label here does not specify the fruit juice, the FDCA and FDA regulations authorize the label statement without such disclosure, so long as the ingredient list discloses the presence of such juice from concentrate—which Plaintiffs allege the Mixed Fruit does here.  (Compl. ¶ 20 & n.11 (ingredients list discloses "WHITE GRAPE JUICE CONCENTRATE" and "LEMON JUICE CONCENTRATE").)  Plaintiffs' claims would therefore require an *additional* disclosure on the label and is preempted.  *See*

MOTION TO DISMISS COMPLAINT

19

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Fahey v. Whole Foods Market, Inc.*, 2021 WL 2816919, at *6 (N.D. Cal. June 30,

2  2021) (claims that product should disclose "artificial[] flavor[ing]" preempted

3  where plaintiffs failed to sufficiently allege the FDA regulation requiring the

4  disclosure applied to product); *see also Hairston v. S. Beach Beverage Co., Inc.*,

5  2012 WL 1893818, at *3 (C.D. Cal. May 18, 2012) (state law claim preempted

6  because regulations "explicitly permit manufacturers" to use names and images of

7  fruit on packaging even when product does not contain any fruit); *Red v. The*

8  *Kroger Co.*, 2010 WL 4262037, at *7 (C.D. Cal. Sept. 2, 2010) ("Because Plaintiffs

9  challenge the use of terms that the FDA, through its regulations, has defined and

10  permitted," they "are expressly pre-empted by the [FDCA]").

11      In short, Plaintiffs cannot "impose a state-law obligation … that is not

12  required by federal law," *see Peviani*, 750 F. Supp. 2d at 1118–19, but that is

13  precisely what they seek to do in challenging the "In 100% Juice" statement.  Their

14  claims challenging this disclosure are therefore preempted.[6]

15  **C.    Plaintiffs' UCL Claim Fails on Other Grounds.**

16      Plaintiffs' claim for violations of the UCL fail for additional reasons.

17      Plaintiffs allege a claim only under the "unlawful" prong.  "Allegations

18  supporting a claim under the unlawful prong of the UCL must state with reasonable

19  particularity the facts supporting the elements of the alleged violation."  *Wright v.*

20  *Ocwen Loan Serv'g, LLC*, 2010 WL 11556696, at *12 (C.D. Cal. Sept. 22, 2010)

21  (cleaned up) (quoting *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp.

22  1303, 1316 (N.D. Cal. 1997).  Here, Plaintiffs' claimed violations of underlying

23

24

_____

25      [6]  Plaintiffs also allege that the "relevant regulations permit companies to

26  'add back' the volatile oils, essences, and other aromatic compounds, which are

    stripped from juice concentrates during steam evaporation, without disclosing this

27  to consumers."  (Compl. ¶ 40.)  Thus, to the extent Plaintiffs bring (unstated) claims

28  to require the label to disclose such unidentified "compounds," Plaintiffs'

    allegations demonstrate they too are preempted.  (*Id.*)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

laws either (1) fail under the reasonable consumer test; (2) are unsupported by plausible factual allegations; or (3) are preempted. They must be dismissed.

**First**, Plaintiffs claim the Mixed Fruit violates provisions of the FTC Act, the FDCA and its implementing regulations, and California's Sherman Law, by failing to prominently disclose that the Product includes ingredients other than mixed fruit and "100% Juice," thereby allegedly misleading consumers. (Compl. ¶¶ 81-85.) But Plaintiffs' claims for misbranding under the FTC Act, the FDCA, FDA regulations, and the Sherman Law are all governed by the reasonable consumer standard. *See F.T.C. v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1003 (N.D. Cal. 2010), *aff'd*, 475 F. App'x 106 (9th Cir. 2012) ("[L]iability for deceptive practices under Section 5 of the FTC Act is measured solely by whether a reasonable consumer was likely to have been misled."); *FTC v. Gill*, 265 F.3d 944, 950 (9th Cir. 2001) (same); *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1207 (9th Cir. 2023) (FDCA "false and misleading" claims are governed by the reasonable consumer standard, as clarified by FDA regulations); *Ebner*, 838 F.3d at 966–67 (Sherman Law violations predicated on misleading labeling are governed by the reasonable consumer test); *Kim v. Blue Triton Brands*, 2022 WL 17061085, at *6 (C.D. Cal. Nov. 1, 2022), *aff'd* 2024 WL 243343 (9th Cir. Jan. 23, 2024) (same). As explained at length above, *supra* at 9–16, the disputed label statement is not misleading to reasonable consumers.

**Second**, any UCL claim predicated on a violation of the FTC Act also fails because the FTC Act applies to food advertisements, not to food labels. *Kuenzig v. Kraft Foods, Inc.*, 2011 WL 4031141, at *10 (M.D. Fla. Sept. 12, 2011) (dismissing mislabeling claim based on FTC Act because the FDA and USDA—not the FTC— have "primary responsibility for regulating food labeling"); *Sorkin*, 2024 WL 3673719, at *5 (same).

**Third**, Plaintiffs claim the Mixed Fruit violates provisions of the FDCA and Sherman Law governing the sale of 'adulterated' food. (Compl. ¶¶ 71-76.) But

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs provide only conclusory allegations in support of their adulteration claims, and there are no plausible factual allegations in the Complaint showing that Kroger "omitted," "abstracted," or "substituted" valuable constituent ingredients; "concealed" a damaged or inferior product; or unlawfully added substances to increase its bulk or weight. *Id.* All of the ingredients listed on the Product are accurate, and the Complaint alleges no plausible basis to conclude otherwise. Accurately labeled products do not qualify as "adulterated" under the FDCA or Sherman Law, and courts reject attempts to sidestep the "reasonable consumer" standard by reframing product mislabeling claims as adulterated products claims. *See Elliott v. Conagra Brands, Inc.*, 2024 WL 3275567, at *3 n.3 (E.D. Cal. July 1, 2024) ("Accurately-labeled products do not qualify as economically adulterated under this statute.").

**Fourth**, Plaintiffs claim the Mixed Fruit violates FDA regulations governing the labeling of fruit cocktails. (Compl. ¶¶ 88-102.) But as explained above, the Product label is compliant with FDA regulations, which preempt Plaintiffs' claims based on Plaintiffs' misinterpretation of the applicable regulations. *Supra* at 16–18.

Plaintiffs fail to sufficiently allege the violation of any underlying law as required to state their UCL claims.

## D. Plaintiffs Fail to State Their Claims for Equitable Relief.

Plaintiffs fail to allege facts sufficient to state a claim for equitable relief, which is fatal to their UCL and FAL claims in their entirety, as well their claim for equitable relief under the CLRA.

A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). At the pleadings stage, the "plaintiff must, at a minimum, plead that he lacks adequate remedies at law if he seeks equitable relief." *Scheibe v. Performance Enhancing Supplements, LLC*, 2023 WL 3829694, at *5 (S.D. Cal. June 5, 2023). In the absence of such

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegations, claims for equitable relief should be dismissed.  *Id.* ("to the extent Plaintiff's claims seek equitable relief, they are dismissed because plaintiff failed to state a claim for equitable relief").  When, as here, a plaintiff "seeks the same sum in equitable restitution" as "requested in damages" for the same harm, without any other explanation for how those damages are "inadequate" or "incomplete," dismissal is appropriate.  *See Sonner*, 971 F.3d at 844 (affirming dismissal for claims of equitable restitution under the UCL and CLRA).

Plaintiffs' claims suffer from these pleading defects.  They specifically seek "compensatory damages" (Compl. Prayer for Relief), as well as restitution and disgorgement, apparently for the same amounts—a "price premium" they contend they paid for the products (*id.* ¶ 102).  Plaintiffs fail to allege any plausible reason that damages are "inadequate" or "incomplete," and they therefore have not and cannot plead that they lack an adequate remedy at law, as required to seek equitable relief.  Their claims for equitable relief under the UCL, FAL, and CLRA should be dismissed.  And because only equitable relief is available under the UCL and FAL, those claims should be dismissed in their entirety.  *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("remedies available" under UCL and FAL are "limited to" equitable remedies).

### E.  Plaintiffs Fail to Allege Their Claims with Particularity, as Required to State All Their Claims.

Plaintiffs' claims are also subject to dismissal because they fail to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

"Where [] a plaintiff's claims are all grounded in fraud"—such as claims under the UCL, CLRA, and FAL premised on mislabeling—they must satisfy "the heightened pleading requirements of Rule 9(b)."  *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 881 (N.D. Cal. 2019) (quotations omitted) (dismissing UCL, FAL, and CLRA on this basis).  Thus, the "complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

misleading about the purportedly fraudulent statement, and why it is false.'"
*Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.2011).)

Plaintiffs fail to meet this pleading standard:

First, Plaintiffs fail to allege with specificity *when* they purchased the Product. They allege only that they made their purchases at some point during the four-year statute of limitations period. (Compl. ¶ 141 ("Plaintiffs purchased the Product between May 2020 and May 2024").) But courts routinely hold that such broad time periods fail to satisfy the "when" requirement of Rule 9(b). *E.g.*, *Robinson v. Unilever U.S.,* 2018 WL 6136139, at *6 (C.D. Cal. June 25, 2018) (dismissing allegations asserted against products which plaintiff allegedly purchased in the last "several years") (quotations omitted); *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *3 (N.D. Cal. Aug. 23, 2017) (same).

Second, Plaintiffs fail to allege with particularity *where* they made their purchases or how many products they purchased. Plaintiffs only allege they "purchased the Product … at Ralphs, Foodsco, and/or Food4less stores" somewhere "in this State." (Compl. ¶ 141.) This is yet another shortcoming under Rule 9(b), and another basis for dismissal. *See Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 956 (N.D. Cal. 2019) (finding Rule 9(b) not satisfied where plaintiff did not allege "from which retailer(s) he purchased" the product).

Third, Plaintiffs also fail to provide sufficient details regarding the circumstances of their alleged reliance on the disputed label statement. Plaintiffs vaguely state they "read, saw, and relied on the packaging and labeling of 'Mixed Fruit In 100% Juice." (Compl. ¶ 139.) But they fail to identify *when* they reviewed such statements—a key deficiency, as they fail to confirm whether they even reviewed the statement *before* their purchases. *See Beasley*, 400 F. Supp. 3d at 956 (finding Rule 9(b) not satisfied where plaintiff did not allege "when he relied on such" label statement); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2009) (affirming dismissal under Rule 9(b) where plaintiff failed to allege "when he was exposed" to the disputed statements "or which ones he found material"). This does not satisfy Rule 9(b) and requires dismissal.[7]

## IV.    CONCLUSION

Kroger respectfully requests that the Court grant this Motion to Dismiss with prejudice. *See Foskaris v. Experian Info. Sol'ns, Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) (affirming denial of leave to amend complaint where plaintiff "fail[ed] to explain how he would cure the deficiencies in his pleading"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1047 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

DATED: October 4, 2024

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER CANNER
MATTHEW E. LADEW
JOSEPH ELIE-MEYERS

By:   */s/Jacob M. Harper*
　　　　　Jacob M. Harper

Attorneys for Defendant
THE KROGER CO.

---

[7] The Complaint also appears to contains various undeveloped mislabeling theories. *E.g.*, Compl. ¶¶ 24–39 (claiming that adding water to the juice concentrate somehow "reduce[s] the amount of peaches, pears, pineapple, and 100 percent fruit juice"); *id.* ¶¶ 20, 40, 71, 83, 64, 88 (claiming the product contained "seasoning" or unidentified ingredients, without any supporting factual allegations). Such scattershot allegations are conclusory and should be disregarded under Rule 8(a) and Rule 9(b). *See Pac. Surrogacy USA, LLC v. Bai*, 2019 WL 8129615, at *4 (C.D. Cal. Nov. 5, 2019) ("[C]laims fail to satisfy Rule 9(b)" when they do not "explain how [the challenged] materials were false or misleading."); *Tortilla Factory, LLC v. Health-Ade LLC*, 2018 WL 6174708, at *8-*9 (C.D. Cal. July 13, 2018) (plaintiff did not sufficiently allege that sugar content of kombucha product differed from label absent testing allegations); *Figy v. Frito-Lay North America*, 67 F. Supp. 3d 1075, 1089–90 (N.D. Cal. 2014) ("conclusory assertions" regarding why "ingredients" render a label misleading are "insufficient under Rule 9(b)").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899