UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUCHELLE LEYMAN, and MIGUEL HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 3:24-cv-01001-L-VET<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[ECF No. 13] |

Pending before the Court is Defendant The Kroger Co.'s ("Kroger" or "Defendant") motion to dismiss for failure to state a claim. (ECF No. 13.) Plaintiffs Rauchelle Leyman and Miguel Hernandez (collectively, "Plaintiffs") filed an opposition, and Defendant filed a reply. (ECF Nos. 14, 15.) This matter is appropriate for decision without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendant's motion is denied.

/ / / / /

### A.  BACKGROUND

Kroger is a national grocery store chain that sells branded and private label products.[1] Among the private label products are four-packs of "Mixed Fruit in 100% Juice" (the "Product"). The front and bottom of the Product label, as pictured in the complaint, are shown below. The front of the label states that the mixed fruit is "in 100% Juice," with that language featured twice each on the top and front panels. The bottom of the label contains the ingredient statement, which discloses that the Product contains: "Peaches, Water, Pears, White Grape Juice Concentrate, Pineapple, Lemon Juice Concentrate, Ascorbic Acid (Vitamin C) to Protect Color, [and] Citric Acid."



Figure 1: Front of Packaging (Compl. ¶ 20)

---

[1] All background facts are taken from the complaint. (ECF No. 1 ("Compl.").) For the purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996).



Figure 2: Bottom of Packaging (Compl. ¶ 21)

Plaintiffs read the label and purchased the Product based on the representations on the packaging. Plaintiffs allege that the labelling is misleading because they took the label "to mean only peaches, pears, and pineapples, in only fruit juice, without water, juice concentrates, [or] flavorings[.]" (Compl. ¶ 137.) Plaintiffs paid more for the product than they would have if they had known that the Product contained other ingredients than fruit in 100% fruit juice.

Plaintiffs claim violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"), on their own behalf as well as on behalf of a putative nationwide class. They seek monetary and injunctive relief, expenses, and attorneys' fees. The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 13 ("Mot.").)

---

[2] All future references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

**B.    DISCUSSION**

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).³  Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, to plead essential facts a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. However, "[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud ... ." Fed. R. Civ. Proc. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp.*, 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

/ / / / /

---

³    Internal citations and quotation marks may be omitted from citations.

### 1. Reasonable Consumer

Defendant moves to dismiss the Complaint, arguing that as a matter of law the Product's labeling is not deceptive and therefore none of the claims survive. (Mot. at 19.) As a federal court sitting in diversity over Plaintiffs' California state law claims, the Court applies the substantive law of California, as interpreted by the California Supreme Court. *Moore v. Mars Petcare US, Inc.,* 966 F.3d 1007, 1016 (9th Cir. 2020). In the absence of a California Supreme Court decision, the Court is "bound by … the ruling of the highest state court issued to date." *Poublon v. C.H. Robinson Co.,* 846 F.3d 1251, 1266 (9th Cir. 2017).

The California consumer protection laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 951 (2002). Whether a business practice is deceptive or misleading under the CLRA, UCL, or FAL is governed by the reasonable consumer standard. *Moore,* 966 F.3d at 1017 (applying Cal. law). In this regard, a plaintiff

> must show that members of the public are likely to be deceived. This requires more than a mere possibility that [the defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

*Id.*

Although "the primary evidence in a false advertising case is the advertising itself[,]" *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003), "whether a business practice is deceptive will usually be a question of fact not appropriate for decision at the pleading stage." *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938-39 (2008); *Comm'te on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 211-15 (1983), *superseded by statute on other grounds, see Branick v. Downey Sav. & Loan Ass'n.*, 39 Cal.4th 235 (2006); *Linear Technol. Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 134-35 (2007). Only if a court can determine as a matter of law that the complaint

does not plausibly allege that a reasonable consumer would be deceived, the complaint can be dismissed on a Rule 12(b)(6) motion. *See Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228–31 (9th Cir. 2019).

Plaintiffs allege that that the Product label of "Mixed Fruit in 100% Juice" was deceptive because it contained other ingredients: "water, juice concentrate, flavorings, [] seasoning, and/or synthetic preservatives." (Compl. ¶ 179.) Defendant argues at length that a reasonable consumer would not be confused because the label "Mixed Fruit in 100% Juice" does not mean that the product contains *only* mixed fruit and juice. (Mot. at 20.) Defendant expects the Court to assume that a reasonable consumer would disregard prominent statements on the front and top of the Product package that the Product is "Mixed Fruit in 100% Juice" in favor of the contradictory ingredient statement in small print on the bottom of the package. This determination is inappropriate on a motion to dismiss because, based on the Product images included in the complaint, Plaintiffs have plausibly alleged that a reasonable consumer would understand that the Product only contains fruit and actual juice rather than fruit in juice from concentrate and additional ingredients.

Further, the accuracy of the ingredient statement does not preclude Plaintiffs' claims. While the ingredient statement discloses that the Product contains fruit, water, juice from concentrate, ascorbic acid, and citric acid, this "does not necessarily absolve a defendant of liability for deceptive statements on the front label." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778 (9th Cir. 2024). If the front label is misleading, then "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box," *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008), and "the court does not consider the back label at the pleadings stage," *Whiteside*, 108 F.4th at 778. Here, Plaintiffs plausibly alleged that a reasonable consumer would be misled by the repeated and prominent statements on the top and front of the Product label.

1  Finally, Defendant also argues that the UCL claim under the unlawful prong fails
2  because Plaintiffs did not adequately allege that a reasonable consumer would be
3  deceived. Under the UCL's unlawful prong, "the UCL borrows violations of other laws
4  and treats them as unlawful practices that the unfair competition law makes
5  independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir.
6  2011). "Virtually any law—federal, state or local—can serve as a predicate for an action
7  under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700, 718
8  (2001). Accordingly, the UCL claim is derivative of Plaintiffs' false advertising claims.
9  *See Aleksick v. 7-Eleven, Inc.*, 205 Cal.App.4th 1176, 1185 (2012). Plaintiffs have
10 plausibly alleged for purposes of their false advertising claims that a reasonable consumer
11 would be deceived. This allegation is therefore adequate for purposes of Plaintiffs' UCL
12 claim as well.

### 2. Preemption

Defendant next argues that Plaintiffs' claims are expressly preempted because federal regulations do not require fruit cocktail product labels to disclose that fruit juice is "from concentrate." (Mot. at 27.) This argument is unavailing.

The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301–399i, regulates "fixing and establishing for any food, under its common or usual name so far as practicable, a reasonable definition and standard of identity." 21 U.S.C. § 341. "The FDCA [] expressly preempts all state statutes and law that 'directly or indirectly establish any requirement for the labeling of food that is not identical to the federal requirements' set forth by statute and Food and Drug Administration (FDA) regulations." *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1204 (9th Cir. 2023) (quoting *Hawkins v. Kroger Co.*, 906 F.3d 763, 769 (9th Cir. 2018)); *see also Hollins v. Walmart Inc.*, 67 F.4th 1011, 1016 (9th Cir. 2023) (A "state-law misbranding claim that would allow a state to impose requirements different from those permitted under the FDCA is preempted."). .

Plaintiff claims that the Product fails to comply with the FDA requirements for "Canned fruit cocktail." (Compl. ¶ 85 (citing 21 C.F.R. § 145.135).) The FDA allows

for the fruit in a fruit cocktail to be packed in various types of "packing media," including water, fruit juice(s) and water, or fruit juice(s). 21 C.F.R. § 145.135(a)(3)(i). Under certain circumstances, the FDA regulations allow for fruit juice(s) from concentrate; i.e., fruit juice concentrate(s) reconstituted with water. *Id*. § 145.3(j). The name of the packing medium must be "included as part of the name or in close proximity to the name of the food" "preceded by 'In' or 'Packed in.'" *Id.* 145.135(a)(4)(ii). The parties dispute the extent of the required packing medium disclosure in the product name.

Here, the packing medium had two relevant features; first, it combined two types of fruit juice – grape and lemon; and second, both types were from concentrate. (Compl. ¶ 21.) The regulations provide that when, as here, the packing medium is a combination of two or more fruit juices, the product must identify the type of juice in the order of predominance either: (1) in the name of the packing medium, or (2) in the ingredient statement. 21 C.F.R. § 145.135(a)(4)(ii)(b). Furthermore, "the words 'from concentrate(s)' shall follow the word 'juice(s)' in the name of the packing medium[.]" *Id.* § 145.135(a)(4)(ii)(c).

Defendant relies on subsection (iii), which provides:

> Whenever the names of the fruit juices used do not appear in the name of the packing medium as provided in paragraph (a)(4)(ii)(b) of this section, such names and the words "from concentrate", as specified in paragraph (a)(4)(ii)(c) of this section, shall appear in an ingredient statement ….

21 C.F.R. § 145.135(a)(4)(iii). Defendant argues that based on subsection (iii), the words "from concentrate" only need appear in the ingredient statement and not in the name of the packing medium. This is a misreading of the regulations. While subsection (ii)(b), which governs the disclosure of the type of fruit when the product contains multiple types of fruit juice, gives Defendant the option to identify the type either in the name of the packing medium or in the ingredient statement, subsection (ii)(c), which governs the disclosure whether juice is "from concentrate" for single or multiple types of fruit juice, provides no such option but requires that the disclosure be made in the name of the

8

1  packing medium *and* in the ingredient statement.  *Cf.* § 145.135(a)(4)(ii)(b) *with* (ii)(c).
2  Subsection (iii) requires that when the names of the fruit juices do not appear in the name
3  of the packing medium, they must appear in the ingredient statement together with the
4  words "from concentrate." *id.* 145.135(a)(4)(iii).  Subsection (iii) does not negate the
5  requirement that the words "from concentrate" also appear in the name of the packing
6  medium.  Plaintiffs claim that Defendants failed to comply with this part of the FDA
7  regulation.

8  To the extent that Plaintiffs' state law claims are based on the contention that
9  Defendant failed to comply with FDA labeling requirements, the state law claims are not
10 preempted by the FDCA.  *See Nacarino*, 77 F.4th at 1204 (state law claims not
11 preempted to the extent that they require identical packaging to FDA regulations).

### 3.     Equitable Relief

Relying on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), Defendant moves to dismiss Plaintiffs' claims to the extent they seek equitable relief. Defendant argues that Plaintiffs fail to allege inadequacy of legal remedies.  (Mot. at 33.) "[E]quitable relief is not appropriate where an adequate remedy exists at law."  *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009).

Defendants' reliance on *Sonner* is unavailing.  On the eve of trial after four years of litigation, the *Sonner* plaintiff voluntarily dismissed her CLRA claim for damages to avoid the jury and seek the same monetary award as restitution at bench trial.  *Sonner,* 971 F.3d at 837-38.  The resulting amended complaint, seeking only equitable relief, was dismissed because the plaintiff could not show that damages were unavailable to her.  *Id.* at 838, 844.  Unlike *Sonner*, this case is at the pleading stage.  Rule 8(d)(2) allows a plaintiff to

> set out 2 or more statements of a claim ... alternatively or hypothetically, either in a single count ... or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

/ / / / /

Fed. R. Civ. Proc. 8(d)(2). Accordingly, Plaintiffs can allege legal and equitable claims in the alternative. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015). While Plaintiffs must ultimately prove that legal remedies are inadequate to succeed on an equitable claim, at this stage, it is sufficient that they have pled in the alternative that adequate legal remedies may not exist.

### 4. Particularity

Generally, a plaintiff must allege only "a short and plain statement of the claim showing [entitlement] to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atl. Corp.,* 550 U.S. at 555. However, Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used.)" *Vess,* 317 F.3d at 1105. "Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened standard." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Defendant moves to dismiss the complaint for lack of specificity required by Rule 9(b). Plaintiffs' claims are premised on Defendant's alleged deceptive product labeling. (*See* Compl. ¶¶ 161-189 (UCL violations based on deceptive labelling); *id.* ¶¶ 190-195 (FAL violations based on same deceptive labelling); *id.* ¶¶ 196-200 (CLRA violations based on same deceptive labeling).) Accordingly, Plaintiffs' claims are grounded in fraud and therefore subject to the Rule 9(b) heightened pleading requirement. *See Kearns*, 567 F.3d at 1125, 1127 (applying Rule 9(b) to UCL and CLRA claims); *see also Vess*, 317 F.3d at 1106 (when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim. . . the claim is said to be 'grounded in fraud'. . . and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)"). This requirement applies to Plaintiffs' pleading as a whole. *See id.* Plaintiffs do not dispute this. (*See* ECF No. 14 at 17.)

Under Rule 9(b), fraud allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess,* 317 F.3d at 1106. Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged." *Id.*

Plaintiffs' claims are sufficient to meet this requirement. Plaintiffs allege that they purchased the Product from one of Defendant's stores, that the Product was sold under Defendant's store brand name, Plaintiffs read the label and decided to buy the product despite its premium price in reliance on the representations on the Product label. (Compl. ¶¶ 133-147.) This is sufficient "to give defendants notice of the particular misconduct." *See Vess,* 317 F.3d at 1106. With the allegations in the complaint, Defendant is aware of what product Plaintiffs purchased and where, what statements were made on the Product label, which statements Plaintiffs contend to be false or misleading and why. Accordingly, Plaintiffs' complaint meets the particularity requirements of Rule 9(b).

### C.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated:  July 22, 2025

_____
Hon. M. James Lorenz
United States District Judge